FARNSWORTH v. NEVADA CO.

(Circuit Court of Appeals, Eighth Circuit.    April 30, 1900.)

No. 1,334.

1. APPEAL—ASSIGNMENTS OF ERROR.

The record on appeal should not be incumbered with numerous assignments of error when a few would suffice to present in an intelligible manner all of the material questions involved in the case. The assignment of a large number of errors raises no presumption that the judgment is erroneous.

2. SAME—REVIEW—ADMISSION OF EVIDENCE.

When a complaint states two or more causes of action, a judgment obtained thereunder cannot be reversed because of the admission of evidence which was competent under either count; and no obligation rests upon counsel, when offering testimony, to announce in advance to which count it is addressed, unless required to do so by the trial judge.

3. EVIDENCE—ACTION FOR MONEY RECEIVED—RELATIONS OF PARTIES.

In an action by a corporation to recover money alleged to have been intrusted to defendant to pay for certain property which he represented that he had bought in its behalf at a price which was greatly in excess of that actually paid by him, plaintiff claiming the right to recover the excess as money received to its use, it is competent for the plaintiff to show the relations existing between the parties at the time of the transactions, and for that purpose the statement filed by the plaintiff with state officers at the time of its incorporation, showing defendant to be one of its directors and its general manager, and a copy of the proceedings of the directors in which he was elected general manager, are admissible where it is shown that defendant had knowledge of such action, and that he in fact acted as general manager from the time of the organization of plaintiff.

4. SAME—INTRODUCTORY STATEMENTS BY WITNESS.

In such case the admission in evidence of a general introductory statement by the president of the corporation as a witness that he was ignorant of the business of mining, for which purpose the corporation was organized, was not material error.

5. SAME—STATEMENTS OF PARTY.

Statements made by defendant to officers of plaintiff before or after negotiations for the purchase of the property were begun respecting such property or its value were competent as bearing on the question whether plaintiff had reason to believe that defendant was acting as its representative in making the purchase.

6. SAME—TELEGRAMS BETWEEN THIRD PERSONS.

A telegram sent by a third party to the president of the corporation, containing representations as to the value of the property, and a statement that defendant recommended its purchase, together with the answer thereto, authorizing the purchase on certain conditions, were admissible against the defendant where there was testimony tending to show that the first telegram was submitted to and approved by him before it was sent.

7. SAME—RECEIPTS.

Defendant having represented to plaintiff that he had paid towards the purchase of the property the sum of $20,000 in discharge of an indebtedness from him to the company for stock purchased, his receipt for such stock was admissible as showing the receipt by him of the sum of $20,000, or its equivalent, to be applied towards the purchase.

In Error to the Circuit Court of the United States for the District of Utah.

J. L. Rawlins (John M. Zane and Barlow Ferguson, on the brief), for plaintiff in error.

Charles C. Dey (J. A. Street and Cephas Brainerd, on the brief), for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge. This writ of error brings before us for review the judgment in favor of the Nevada Company upon the second count of the complaint in the suit which was brought by that company against Philo T. Farnsworth, the present plaintiff in error. The judgment rendered in the same action upon the first count of the complaint, which was in favor of the defendant, has been reviewed and affirmed under a writ of error that was sued out by the plaintiff. Nevada Co. v. Farnsworth, 102 Fed. 573. The judgment on the second count being in favor of the plaintiff below for the sum of $77,122.74, including interest, the defendant below also sued out a writ of error to obtain a review of that judgment. The causes of action stated in the first and second counts of the complaint were of the same class. In the second count of its complaint the Nevada Company alleged, in substance, that in March, 1898, the defendant below represented to it that he had purchased on its behalf and for its account the property of the Ione Gold-Mining Company, situated in the state of Nevada, for the sum of $150,000; that at various dates between March 1, 1898, and March 18, 1898, it paid to the defendant, for the purpose of purchasing said property, the sum of $130,000 in cash; that contemporaneously with such payments the defendant represented to the plaintiff that he had canceled a debt which he then owed to the plaintiff in the sum of $20,000 for 200 shares of its capital stock theretofore issued to him, by paying said sum of $20,000 to the Ione Gold-Mining Company on account of the purchase of its property for the sum of $150,000 as aforesaid; that in point of fact the defendant only expended for the purchase of the property of the Ione Gold-Mining Company the sum of $80,000; and that by virtue of the facts aforesaid the defendant became indebted to it on March 18, 1898, in the sum of $70,000, for which amount, with legal interest, it craved judgment.

The plaintiff in error has assigned 52 errors, 37 of which relate to the admission of evidence, and the remainder to the refusal of the trial court to give 13 instructions that were asked in behalf of the defendant, Farnsworth. The charge of the trial court covered the material issues in the case, and it was so far satisfactory that neither party saw fit to reserve any exceptions thereto. A careful examination of the record and of the proceedings at the trial, so far as they are disclosed by the present bill of exceptions, satisfies us that many of the alleged errors that have been assigned are without substantial merit, and that they do not present questions of sufficient importance to deserve special notice in an opinion of an appellate court. This court has repeatedly condemned the practice of incumbering a record with numerous assignments of error when a few would have sufficed to present in an intelligible manner all of the material questions that are involved in the case. Railway Co. v. Elliott,

102 Fed. 96. And so long as the practice is pursued of filing an assignment of errors embracing every point, whether material or otherwise, which the ingenuity of counsel can suggest, we shall only deem it our duty to notice specially those exceptions which, upon a careful consideration of the record, seem to have most merit. Any other method of procedure would require us to write lengthy opinions of no practical importance, and would involve much unnecessary labor. In preparing an assignment of errors it should not be assumed that the fact that many errors are assigned will in itself create a presumption that the judgment is erroneous.

Before considering the exceptions to the admission of evidence that are most important, and on which chief reliance seems to be placed, it will be proper to observe that, as the complaint which was filed by the plaintiff company contained two causes of action, and as the trial involved an investigation of two independent transactions, one of which took place in August, 1897, and the other in March, 1898, the bill of exceptions undoubtedly contains some evidence which could not be regarded as relevant if the second count had been tried separately. Counsel for the plaintiff in error have assumed, apparently, that, when evidence was offered to sustain the allegations of the complaint, it was the duty of counsel for the plaintiff company to indicate to the court and jury to which count the evidence was addressed, and some of the exceptions seem to be framed upon the theory that, if any of the testimony which is contained in the defendant's bill of exceptions is not strictly relevant to the second count of the complaint, it should be adjudged immaterial and incompetent. This view of the case must be rejected as erroneous. When a complaint states two or more causes of action, a judgment obtained thereunder cannot be reversed because of the admission of evidence, if the evidence whose competency is challenged was admissible to sustain either count of the complaint; and in such cases no obligation rests upon counsel, when offering testimony, to announce in advance to which count the evidence is addressed, unless they are required to do so by the trial judge. The result is that, in considering the exceptions to the admission of evidence, they must be adjudged untenable whenever they relate to testimony that was relevant, and competent to sustain either cause of action.

It is first assigned for error that the trial court erroneously admitted two exhibits which showed that the defendant was a director of the plaintiff company, and that he was elected as its general manager immediately after its organization. These exhibits consisted—First, of a statement which was filed with the secretary of state of the state of New Jersey by J. G. Phelps Stokes, as president of the Nevada Company, for the purpose of obtaining its charter; and, second, a copy of the proceedings of the first directors' meeting of the company, which was held in Jersey City on July 22, 1897. The first of these exhibits contained a list of the directors and officers of the company, in which list the name of the defendant, Farnsworth, appeared as one of its directors and as its general manager. The second of the exhibits contained a resolution of the board of directors, by which Farnsworth was made general manager of the company at a salary of $3,600 .

per year. These exhibits were objected to by the defendant below on the ground, as it seems, that he was not present at the meeting of the directors when he was elected general manager, and had neither taken part in the organization of the company nor consented in express language to serve as a director. But the record recites that there was evidence that copies of these exhibits were mailed to the defendant, and that they were received by him as early as August 1, 1897. It also recites that there was other evidence which showed that the defendant was verbally informed that he had been elected a director and general manager, and that he had thereafter served the company in the latter capacity. We think that it was entirely competent for the plaintiff, both under its first and its second causes of action, to show the relation that the defendant had sustained to the plaintiff company since it was incorporated, and during the period of the transactions which were under investigation, and that the exhibits were properly admitted in evidence for that purpose, inasmuch as the defendant had been furnished with copies thereof, and had never declined the office of director after being advised of his election, and had in fact served as general manager of the company from the date of its organization. We can perceive no error in the admission of these exhibits.

It is claimed that an error was committed by the trial court in permitting J. G. Phelps Stokes to testify, in answer to a question, that he "was new in the precious metal mining business" at the time the Nevada Company was organized and began its operations in the state of Nevada. This testimony was objected to upon the general ground that it was incompetent and irrelevant. It does not appear from the bill of exceptions now before us whether this evidence was introduced in support of the first or the second cause of action. From the context we should infer that the testimony was elicited mainly with reference to the first cause of action. But, be this as it may, we think that the action of the trial court in admitting the proof, it being merely an introductory statement of the witness, was not a material error which would, in any event, justify a reversal of the judgment. It was a general fact, which, in a case of this character, the plaintiff company was entitled to establish.

It is next urged that the trial court erred in allowing the same witness to testify to certain representations that were made to him on February 21, 1898, with respect to a rich strike that had been made on one of the claims of the Ione Gold-Mining Company, and was a part of the property which was subsequently purchased by the plaintiff company for the sum of $150,000. It is claimed in behalf of the defendant that this testimony was irrelevant and immaterial, because the representations were made to Stokes before any negotiations looking to the purchase of the property of the Ione Gold-Mining Company had in fact taken place, and because the defendant was simply charged in the complaint with a breach of duty as agent, and was not accused of making any specific false representations. It is doubtless true that the right to recover under the second count did not depend upon showing that the representations in question were made, and that the same were false. Nevertheless, we think that it was competent for the plaintiff company to show

when and how the properties of the Ione Gold-Mining Company were first called to its attention by the defendant, and that it was competent to prove in that connection the statements respecting the properties, or any part thereof, which the defendant at that time made, or which he may have made subsequently before the purchase was consummated. This evidence had some tendency, we think, to show whether the plaintiff company had reason to suppose that the defendant was acting as its agent when the purchase of the properties of the Ione Gold-Mining Company was consummated.

Complaint is also made of the admission in evidence of an agreement between the defendant and J. G. Phelps Stokes and John Sherman Hoyt on July 22, 1897, which agreement between said parties showed, in substance, that the defendant was to take 250 shares of stock in the Nevada Company; that Stokes and Hoyt were to advance the money to pay for the stock, holding the same as collateral, which money was to be refunded by the defendant within three years; and that in the meantime the dividends declared upon the stock were to be received by the defendant. This item of evidence was undoubtedly irrelevant so far as the second count of the complaint was concerned, but it is manifest that the agreement in question was offered in evidence solely for the purpose of sustaining the first count, and, as it appears to have been introduced for that purpose only, its admission cannot be held to affect the judgment on the second count, which is now under consideration.

Two telegrams were read in evidence in the course of the trial; one being a telegram which was sent by J. G. Phelps Stokes to his father, Anson Phelps Stokes, on February 24, 1898, and the other a reply thereto, which was received on February 28, 1898. The first of these telegrams contained an inquiry whether an immediate purchase of the properties of the Ione Gold-Mining Company would be approved. It also contained certain representations as to the value of the property, and a statement that the defendant, Farnsworth, strongly recommended the purchase. The reply thereto authorized the purchase of the properties in question if the defendant, Farnsworth, would take and pay for $20,000 worth of the new capital stock of the Nevada Company. These telegrams were objected to, when offered, as being communications that had passed between third parties, and, for that reason, not binding upon the defendant. Other testimony was offered, however, which tended to show that, before the first of these telegrams was sent, it was exhibited to the defendant, and that he approved of its contents, and authorized its transmission. This latter testimony, in our judgment, made the two telegrams competent and relevant evidence as against the defendant, although on their face they purported to be communications that had taken place between third parties.

The defendant further asserts that the trial court erroneously admitted in evidence a receipt which was signed by himself on March 31, 1898, acknowledging the receipt of a certificate for 200 shares of new stock in the Nevada Company. In support of this contention it is said that the admission of this receipt was erroneous because the action was for money had and received, and that in that

form of action nothing could be recovered from the defendant except money that had actually been paid to him. The receipt, however, and the testimony which was introduced in connection therewith, showed that the certificate of stock was executed and delivered to the defendant as full-paid stock on the assumption that he had canceled his indebtedness to the Nevada Company for the par value of the stock, to wit, $20,000, by paying an equivalent sum towards the purchase of the properties of the Ione Gold-Mining Company. Under these circumstances we think that the receipt was properly admitted in evidence for the purpose of showing the receipt by the defendant of the sum of $20,000, or its equivalent.

The foregoing exceptions which have been noticed comprehend those that were taken to the admission of evidence which seem to have most weight and to deserve special notice. Without pursuing this branch of the case at greater length, we shall content ourselves with the statement that no incompetent testimony appears to have been admitted during the trial which would justify a reversal of the judgment.

Concerning the exceptions that were taken to the refusal of the court to give the 13 instructions that were asked by the defendant, we deem it only necessary to say that, after an examination of these instructions, we have concluded that, in so far as they contain correct declarations of law, they were fully covered by the elaborate instructions that were given by the trial court of its own motion. This seems to have been the view that was entertained by counsel for the defendant when the case was tried, since the record recites that when an exception was taken to the refusal of the defendant's instructions counsel stated to the court, in substance, that, in so far as he was then advised, the instructions asked were covered by the court's instructions, and that he saved an exception, not because he was at the time aware of any error that would be committed by refusing them, but merely "as a matter of precaution." As heretofore stated, no exception was taken in behalf of the defendant to any part of the elaborate charge which was delivered by the learned trial judge; and as counsel for the defendant, after listening to the same, were unable to direct the court's attention to any proposition of law that was not covered by the charge in chief, it is safe to assume that further instructions were unnecessary, and would not have aided the jury in reaching a correct result.

In conclusion it may be said that a careful inspection of the record has convinced us that the verdict of the jury was for the right party, and for the right amount. Indeed, it is difficult to understand, in view of the testimony, how the jury could have reached a different conclusion. The judgment below is therefore affirmed.